[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10667
Non-Argument Calendar

_____

D. C. Docket No. 05-00003-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIYONU SPAULDING,
a.k.a. Ni Ni,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 14, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Niyonu Spaulding appeals her 188-month sentence for distribution of

cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Spaulding contends that, despite the district court referring to the Sentencing Guidelines as advisory, it actually considered them to be mandatory. Additionally, Spaulding contends that, even assuming that the district court did not consider the guidelines to be mandatory, it impermissibly gave them greater weight relative to the other 18 U.S.C. § 3553(a) factors, such as the seriousness of the offense and unwarranted sentencing disparity.

We review the sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (citing United States v. Booker, 543 U.S. 220, 260, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005)). However, when there is no objection below, our review is only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Under plain error review appellate courts have a limited power to correct errors that were not raised in the district court, but only if there is: (1) error, (2) that is plain, and (3) that affects substantial rights [and then] . . . only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations and citations omitted).

As to Spaulding's first contention, because the district court explicitly stated that it understood the discretionary nature of the guidelines after Booker, and

2

because it sentenced Spaulding only after considering her codefendant's sentence, as she requested, the district court did not apply the guidelines in a mandatory fashion.

Spaulding's reasonableness argument is that her sentence is too long when compared to the 60 and 150-month terms given to her codefendants. The Supreme Court, in Booker, directed sentencing courts to consider the following list of statutory factors in imposing sentences under the advisory guidelines scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .;(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 261, 125 S.Ct. at 765-66. Following the Booker decision, we have stated that the district court first must correctly calculate the defendant's guideline range, then, using the § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. Crawford, 407 F.3d at 1179; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

3

We cannot say that Spaulding's sentence was unreasonable. In deciding on it the district court took into account the§ 3553(a) factors, including: (1) her post-arrest behavior; (2) her "significant" criminal history; and (3) the potential disparities in her sentence compared with that of her codefendants. Her post-arrest behavior and her more significant criminal history distinguished her from them.

**AFFIRMED.**