[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10921
Non-Argument Calendar

_____

D.C. Docket No. 4:05-cr-00003-BAE-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIYONU SPAULDING,
a.k.a. Ni Ni,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 15, 2014)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Niyonu Spaulding, proceeding pro se, appeals the district court's denial of her motion to reduce her sentence of imprisonment under 18 U.S.C. § 3582(c)(2), which the district court construed as a motion for reconsideration of its order granting Spaulding's prior § 3582(c)(2) motion for reduction of sentence. After review of the parties' briefs and the record on appeal, we affirm the district court's judgment for the reasons set forth below.

## I.

At a plea hearing in May 2005, the district court accepted Spaulding's guilty plea to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report (PSI) recommended a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1 and calculated Spaulding's advisory guideline range as 210 to 262 months' imprisonment. Pursuant to the written plea agreement, the government filed a motion requesting a downward departure from the advisory guideline range based on Spaulding's substantial assistance.

At sentencing, the district court adopted the factual statements and guideline calculations in the PSI. Deciding to depart from the advisory guideline range due to the government's substantial assistance motion, the district court imposed a sentence of 188 months' imprisonment. Spaulding timely appealed her sentence, and this Court affirmed. *See United States v. Spaulding*, 196 F. App'x 817, 818 (11th Cir. 2006) (per curiam).

2

In 2008, Spaulding filed an 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to the crack cocaine sentencing guidelines. The district court granted Spaulding's motion, finding that Spaulding's amended advisory guideline range was 168 to 210 months' imprisonment and determining that a reduced sentence of 176 months' imprisonment was appropriate.

In 2011, Spaulding filed a second § 3582(c)(2) motion, this time based on Amendment 750.[1]  On February 2, 2012, the district court granted Spaulding's motion.  The district court found that her new total offense level resulted in an advisory guideline range of 135 to 168 months' imprisonment, and the court imposed a reduced sentence of 165 months' imprisonment.

Spaulding then filed a motion to correct her sentence under Federal Rule of Criminal Procedure 35(a).  She argued that her amended base offense level pursuant to Amendment 750 should have resulted in an advisory guideline range of 110 to 135 months' imprisonment.  The district court denied Spaulding's motion, noting that Spaulding had overlooked the two-level obstruction of justice enhancement, which brought her total offense level to 30.  Thus, the district court

---

[1] Amendment 750 to the Sentencing Guidelines amended the drug quantity table in U.S.S.G. § 2D1.1(c) to reduce offense levels in crack cocaine cases.  *See* U.S.S.G. App. C, Amend. 750 (2011).  Amendment 750 was made retroactive by Amendment 759, effective November 1, 2011.  *See id.*, Amend. 759 (2011); *see also* U.S.S.G. § 1B1.10.

had correctly calculated Spaulding's amended advisory guideline range as 135 to 168 months' imprisonment.

On January 13, 2014, Spaulding filed a third § 3582(c)(2) motion to reduce sentence, asking the district court to use its discretion to reduce her sentence to 120 months' imprisonment. The district court construed Spaulding's motion as a motion to reconsider the extent of the district court's reduction of her sentence. Because the district court only had jurisdiction over a motion for reconsideration in a § 3582(c)(2) proceeding for 14 days following the initial order, the district court found that Spaulding's motion was untimely and denied the motion for lack of jurisdiction. This appeal ensued from the final judgment on Spaulding's motion.

## II.

Since Spaulding is proceeding pro se, we construe her pleadings liberally. *See United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (per curiam). We ordinarily review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). However, we review de novo whether a district court had jurisdiction to modify a defendant's sentence. *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *Id.* at 1194–95. Under 18 U.S.C. § 3582(c), a district

court may modify a sentence only if: (1) the Bureau of Prisons (BOP) files a motion and certain other conditions are met; (2) a modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35 (Rule 35); or (3) the defendant was sentenced based on a guidelines range that subsequently was lowered by the Sentencing Commission and other requirements are met.  *Id.* at 1195; *see* 18 U.S.C. § 3582(c).  Thus, "absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips*, 597 F.3d at 1195.

A district court may only correct a sentence that resulted from an "arithmetical, technical, or other clear error" pursuant to Rule 35 within 14 days after sentencing.  Fed. R. Crim. P. 35(a).  Rule 35's time limitations apply to § 3582(c)(2) proceedings.  *See Phillips*, 597 F.3d at 1197–98.  Furthermore, § 3582(c)(1)(B)'s prohibition on a district court's modification of a sentence of imprisonment, "except as expressly permitted by statute or by Rule 35," does not allow a defendant to file a motion for reconsideration outside the framework of Rule 35 when the sole issue is correction of a sentence of imprisonment.  *See id.* at 1199–1200.

## III.

Spaulding does not challenge on appeal the district court's construction of her motion as a motion to reconsider its February 2012 order granting her earlier

5

Amendment 750-based § 3582(c)(2) motion.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (noting that, despite our liberal reading of pro se filings, "issues not briefed on appeal by a pro se litigant are deemed abandoned").  However, as an initial matter, we find that the district court's construction was correct as an interpretation of the intent of the motion, which plainly requested that the district court reconsider its prior grant of Spaulding's § 3582(c)(2) motion because the district court had abused its discretion in not granting a greater reduction.  *See Castro v. United States*, 540 U.S. 375, 381–82, 124 S. Ct. 786, 791–92 (2003) (noting that courts may recharacterize a pro se litigant's motion "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").

Spaulding's motion specifically argued that the district court's prior order reducing her sentence pursuant to Amendment 750 was an abuse of discretion because the reduction was insufficient in light of her substantial assistance and the positive changes she had made since her initial sentencing.  However, the BOP had not filed a motion to modify her sentence, and Spaulding had already received a sentence reduction based on the subsequent lowering of her advisory guideline range by the Sentencing Commission pursuant to Amendment 750.  Thus, Spaulding's only remaining avenue of relief, if any, would be where a correction of

6

her modified sentence was authorized by Rule 35.  *See* 18 U.S.C. § 3582(c);

*Phillips*, 597 F.3d at 1194–95.

Spaulding filed her motion to reconsider the district court's February 2, 2012

order on January 13, 2014, well outside the 14-day window permitted by Rule

35(a).  *See* Fed. R. Crim. P. 35(a); *see also Phillips*, 597 F.3d at 1194–1200.  The

time for filing a Rule 35 motion is jurisdictional, and outside of Rule 35(a) "there

exists no inherent authority for a district court to modify a sentence."  *Id*. at 1196–

97 (internal quotation marks omitted); *see also United States v. Diaz-Clark*, 292

F.3d 1310, 1315–18 (11th Cir. 2002).  Thus, the district court did not err in

dismissing this motion for lack of jurisdiction based on untimeliness.[2]  *See*

*Phillips*, 597 F.3d at 1194 n.9, 1196–97.  Accordingly, we affirm the district court.

**AFFIRMED.**

---

[2] We note that the district court also could have chosen to deny the motion because Spaulding requested relief based on an alleged abuse of discretion, a ground that is not permitted under Rule 35.  *See* Fed. R. Crim. P. 35 (allowing for the correction of a sentence that resulted from arithmetical, technical, or other clear error); *see also Phillips*, 597 F.3d at 1195.  However, as discussed above, the district court correctly construed Spaulding's motion as a motion for reconsideration, and there was no error in choosing to deny her motion based on the timeliness jurisdictional ground rather than on the basis that the district court lacked jurisdiction due to the substance of Spaulding's motion.